**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 3:12-cr-00101-RCJ-VPC |
| ) | |
| EDWARD DAVID SIMON, ) | **ORDER** |
| ) | |
| Defendant. ) | |

A grand jury indicted Defendant Edward David Simon on ten counts each of False Claims Fraud, Unlawful Use of a Means of Identification, Mail Fraud, and Aggravated Identity Theft. (*See* Indictment, Oct. 24, 2012, ECF No. 1). The Magistrate Judge ordered Defendant detained pursuant to the Bail Reform Act, 18 U.S.C. § 3142, finding that there was a serious risk that Defendant would endanger the safety of another person or the community and that no conditions would reasonably assure the safety of the community in light of Defendant's past drug and alcohol use, violent criminal history, parole violations, and offenses allegedly committed while in custody. (*See* Order, Nov. 8, 2012, ECF No. 14). Defendant asks the Court to review the order of detention pursuant to § 3145(b).

Defendant admits that his criminal history is significant but notes that the present case does not trigger the rebuttable presumption that no conditions will reasonably assure the safety of the community. *See id.* § 3142(e). Defendant also recounts certain instances of his past good behavior not argued to the Magistrate Judge. Defendant admits that the alleged activity occurred while he was incarcerated.

Most importantly, Defendant argues that the Court should review the Magistrate Judge's findings and ruling *de novo*. The Court disagrees. The Court of Appeals for the Ninth Circuit tests the district court's own rulings on bail under a "clearly erroneous" standard. *United States v. Fidler*, 419 F.3d 1026, 1029 (9th Cir. 2005). Where this is true, the district court normally addresses magistrate judges' rulings on such matters under the same standard. That is, the standard of review does not typically change at different levels of review. Magistrate judges' statutory jurisdiction is more limited that district judges', of course. Generally, whether a magistrate judge's rulings are addressed under the "clearly erroneous" standard or *de novo* is determined by whether the matter is one that the district courts may refer to magistrate judges for final determination under 28 U.S.C. § 636. For those matters that a magistrate judge may not finally determine, the magistrate judge may issue only a report and recommendation ("R&R"), and the district court must then review the R&R *de novo*:

> Notwithstanding any provision of law to the contrary—a judge may designate a magistrate judge to hear and determine *any pretrial matter* pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

*See id.* § 636(b)(1), (b)(1)(A) (emphasis added). Bail determinations are not exempted from those that a magistrate judge may determine under the statute, and such determinations are not dispositive of any charge or defense, so a magistrate judge may determine bail, although the district court may of course reconsider such a ruling under the "clearly erroneous" standard of the statute and the rules. *See id.* § 636(b)(1)(A); Fed. R. Crim. P. 59(a). Section 3145(b) does not address the standard of review, so the default rules of section 636 and Rule 59(a) control. Defendant points to no authority to the contrary apart from district court opinions from other circuits that cite the law of their own circuits. *See, e.g.*, *United States v. Goba*, 240 F. Supp. 2d

242, 245 (W.D.N.Y. 2003). But with respect, the Court can find nothing in the statute or rules requiring a *de novo* review, and the text of the statute and rules indicate that bail determination is a garden-variety pretrial matter that may be determined by a magistrate and which is to be reviewed for clear error like other such matters.

In summary, the Court may consider the motion under Rule 59(a). That is, the Court could consider it if it were timely. Rule 59(a) motions must be made within fourteen (14) days of the challenged order. *See* Fed. R. Crim. P. 59(a). Here, the order was entered on November 8, 2012, and the present motion was not filed until March 21, 2013. And although Defendant has had several changes of attorney, his current attorney was appointed on December 18, 2012. The Court therefore denies the motion. First, there is no excuse for the motion's extreme lateness. Second, the Court does not find the Magistrate Judge's ruling to be in clear error.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Review of Magistrate Judge's Detention Order (ECF No. 35) is DENIED.

IT IS SO ORDERED.

Dated this 25th day of April, 2013.

                                          _____
                                                  ROBERT C. JONES
                                                  United States District Judge